```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

CHRISTOPHER BROWN,                    :

                  Plaintiff,          :    10 Civ. 5833 (PAC)(HBP)

   -against-                          :    MEMORANDUM OPINION
                                           AND ORDER
DAVID A. PATERSON, The                :
Governor of the State
of New York, et al.                   :

                  Defendants.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated August 30, 2010 (Docket Item 4) plaintiff moves for pro bono counsel.[1]  For the reasons set forth below, the motion is denied without prejudice to renewal.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant.  Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff.  If no panel member agrees to represent the plaintiff, there is nothing more the Court can do.  See generally Mallard v. United States District Court, 490 U.S. 296 (1989).  Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel."  Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he factor which command[s] the most attention [is] the merits."  Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003).  As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention.  Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim.  In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether

> the pro se litigant's "position seems likely to be of substance," or showed "some chance of success."  <u>Hodge</u>, 802 F.2d at 60-61 (internal quotation marks and citation omitted).  In <u>Cooper v. A. Sargenti Co.</u>, [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

Plaintiff's claims arise out of his arrest and prosecution for various controlled substance offences in July 2009.  The complaint alleges that the narcotics charges were ultimately dropped although it appears that plaintiff did plead guilty to the charge of resisting arrest.  Plaintiff now alleges that he was arrested and prosecuted on the basis of false evidence and without probable cause and asserts claims pursuant to 42 U.S.C. § 1983.  He has sued virtually everyone associated with the case, from the judge, to the prosecutors, defense counsel and the police officers involved in the prosecution.

Assuming without deciding that the other relevant factors have been satisfied, I conclude that plaintiff has not demonstrated that his case has sufficient merit to be added the list of cases considered by the Court's Pro Bono Panel.  Although it would be premature to make a final adjudication of the merits of plaintiff's complaint at this stage of the proceedings, on

even a cursory inspection, the complaint exhibits a number of obvious potentially fatal defects. Plaintiff's claims against the judge and the prosecutors appear to be barred by the doctrine of absolute immunity. Van de Kamp v. Goldstein, 555 U.S. 335 (2009); Imbler v. Pachtman, 424 U.S. 409, 423 (1976). To the extent plaintiff is asserting claims against defense attorneys, he is asserting claims against individuals who are not state actors and who cannot be sued under Section 1983. Polk County v. Dodson, 454 U.S. 312, 319-321 (1981). To the extent he is suing the former Governor of the State of New York, David Paterson, he has not alleged Paterson's personal involvement in the alleged constitutional violation. Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011). And to the extent plaintiff is suing the individual police officers allegedly involved in the constitutional violation, plaintiff will have to overcome the defense of qualified immunity. See generally Luna v. Pico, 356 F.3d 481, 490 (2d Cir. 2004).[2]

      Accordingly, plaintiff's motion to have his case added to the list of cases considered by the Court's Pro Bono Panel is

---

[2] The list of apparent defects set forth in the text is not intended to be exhaustive.

denied without prejudice to renewal. Any renewed application should address the relevant factors discussed above.

Dated:  New York, New York
        June 20, 2011

                                    SO ORDERED

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Mr. Christopher Brown
154 North Miller Street
Newburgh, New York  12550

Susan Z. Stockburger, Esq.
Orange County Department of Law
255 Main Street
Goshen, New York  10924

William G. Scher, Esq
Garbarini & Scher, P.C.
432 Park Avenue South
New York, New York  10016

Alex J. Smith, Esq.
6 North Street
Middletown, New York  10940